# EXHIBIT I

## TRUTH IN LENDING ACT DISCLOSURES

| **ANNUAL PERCENTAGE RATE** **The cost of your credit as a yearly rate.** | **FINANCE CHARGE** **The dollar amount your credit will cost you.** | Amount Financed The amount of credit provided to you. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| **23.91% (e)** | **$67.03 (e)** | $500.00 | $567.03 (e) |

Your payment schedule will be:

| Number of Payments | Amount of Payments (e) | When Payments are Due (the "Due Dates") |
|---|---|---|
| 25 | $21.81 | Bi-weekly every other Friday beginning on January 31, 2025 |
| 1 | $21.78 | Final payment on January 16, 2026 |

**Security**: You are giving a security interest in your Securities Accounts. Please review below. You are also providing an Optional Payment Authorization, if you choose to sign that agreement.
**Prepayment**: If you pay all or part of your obligation early, you will not have to pay a penalty.

See the remainder of this MoneyLion Credit Builder Plus Loan, Pledge and Security Agreement for any additional information about nonpayment, default, required repayment in full before the scheduled due date, and prepayment refunds and penalties.

(e) means estimated (unless the "Amount given to you directly" below is $0)

| **Itemization of Amount Financed of $ 500.00** | |
|---|---|
| $ 500.0 | Amount given to you directly |

## MONEYLION CREDIT BUILDER PLUS LOAN

## PLEDGE AND SECURITY AGREEMENT

| **Lender**: MoneyLion of California LLC<br>P.O. Box 1547<br>Sandy, Utah 84091<br>1-888-704-6970 | **Borrower:**<br>Jason Jones<br>2133 Cedar Glen Dr<br>Corona, CA, 92879<br><br>9513165400 | |
|---|---|---|
| **Agreement Date**: 2025-01-09 | **Loan Number**: LL-I-49778531 | **Projected Funding Date**: 2025-01-10 |
| **Principal**: $500.0 | **Interest Rate**: 23.99% | |

| |
|---|
| **Required Deposit: $ 0.0** |

This MoneyLion Credit Builder Plus Loan, Pledge and Security Agreement ("Agreement") includes: (1) the Truth in Lending Act Disclosures ("TILA Disclosures") immediately above and the terms that follow; (2) the Arbitration Provision (which you can reject) and the other provisions under the caption "Agreements for Resolving Disputes;" (3) any optional payment authorization ("Payment Authorization") that you choose to sign; and (4) any revised Payment Schedule to which we may separately agree.

In this Agreement, the following terms have the following meanings. “You" and "your" mean the Borrower named above. "We," "our," "us," and "Lender" refer to the Lender named above. "Loan" refers to the loan we are making to you, as described both above and in the terms below. “Credit Reserve Account” refers to the brokerage account maintained by ML Wealth LLC (“ML Wealth”) and custodied at DriveWealth LLC (“DriveWealth”) in your name, pursuant to the Investment Advisory Agreement you have entered into (or may enter into) with ML Wealth, and which you are agreeing in this Agreement will hold your Required Deposit, and which will be invested solely in non-marginable securities, including but not necessarily limited to DriveWealth’s FDIC bank sweep and money market sweep products, with any interest accruing in your name and to your benefit. “Required Deposit” refers to the amount of the Principal that is required to be deposited into your Credit Reserve Account, if any, subject to the terms hereof, and which you cannot withdraw in whole or in part until your Loan is paid off in full (although you can use the funds in your Credit Reserve Account to pay off your Loan if the balance in your Credit Reserve Account exceeds the outstanding balance on your Loan). TILA Disclosures marked with an "(e)" are estimates based on our expectation that Loan funds will reach your deposit account on the Projected Funding Date set forth above. Banking delays or holidays, or delays in making contact with you to verify the information you have provided to us may cause the Loan funds to reach your deposit account later. **BY ELECTRONICALLY SIGNING THIS AGREEMENT, YOU SIGNIFY YOUR AGREEMENT TO THESE TERMS. YOU ACKNOWLEDGE, UNDERSTAND, AND AGREE THAT THIS AGREEMENT MAY REQUIRE THAT A PORTION OF THE PRINCIPAL OF THE LOAN BE HELD IN YOUR NAME IN YOUR CREDIT RESERVE ACCOUNT AS A REQUIRED DEPOSIT, AND THAT YOU WILL NOT BE ABLE TO WITHDRAW ANY OF THE REQUIRED DEPOSIT UNTIL YOUR LOAN IS PAID IN FULL (ALTHOUGH YOU CAN USE THE FUNDS IN YOUR CREDIT RESERVE ACCOUNT TO PAY OFF YOUR LOAN IF THE BALANCE IN YOUR CREDIT RESERVE ACCOUNT EXCEEDS THE OUTSTANDING BALANCE ON YOUR LOAN).**

**PLEASE NOTE THAT THIS AGREEMENT INCLUDES AN ARBITRATION PROVISION WITH CLASS ACTION AND JURY TRIAL WAIVERS. YOU CAN REJECT THE ARBITRATION PROVISION. IF YOU DO NOT, IT WILL FORM A PART OF THIS AGREEMENT, UNLESS YOU ARE A COVERED BORROWER UNDER THE MILITARY LENDING ACT.**

**1. NOTICE OF AGREEMENTS RESOLVING DISPUTES AND ARBITRATION**. Before signing this Agreement, you should carefully review the Agreements for Resolving Disputes (“Disputes Agreement”) to which you have already agreed and which includes the Arbitration Provision (as defined therein). The Disputes Agreement is incorporated herein by reference as if fully set forth herein, and shall be expressly deemed to include the Lender making the Loan to you. The Disputes Agreement provides that all claims arising from or relating to this Agreement and the Loan must be resolved by binding arbitration if the person or entity against whom a claim is made elects to arbitrate the claim. Thus, if the person or entity against whom the claim is made elects to arbitrate the claim, then you will not have the following important rights:

You may not file or maintain a lawsuit in any court except a small claims court.

You give up your right to have a jury decide your claim.

You will not be afforded the procedural, pre-trial discovery, and appellate rights in an arbitration proceeding that you would enjoy in a court or judicial proceeding.

You may not join or participate in a class action, act as a class representative or a private attorney general, or consolidate your claim with the claims of others.

You will have to pay certain fees in order to commence an arbitration proceeding, unless you ask us to pay those fees for you.

If you do not want to arbitrate all claims as provided in the Disputes Agreement (as incorporated herein), then you have the right to reject the Arbitration Provision by delivering a written notice to us at MoneyLion, Attn: Legal Department,P.O. Box 1547
Sandy, Utah 84091 (the “Notice Address”) within thirty (30) days following the date of this Agreement.

This Arbitration Provision does not apply to Covered Borrowers as defined by the Military Lending Act.

**2. Condition to Our Disbursing Loan Proceeds.** To complete your transaction with us, you must electronically sign this Agreement. You agree that for security purposes, our agent may attempt to contact you at one or more of the phone numbers you provide to us. If we are unable to make contact with you or verify any information you provide to us on the application you submitted to apply for the Loan (“Application”), we may refuse to disburse your Loan proceeds. You represent and warrant that you will be available to speak with our agent at the phone numbers you provided, and acknowledge that we have provided disclosures to you based on your representations to us.

We may decide not to make you a Loan at any time and for any reason, including after you are approved for a Loan and agree to the terms of this Agreement.
Your Loan begins on the Projected Funding Date specified above, which is also the date that interest begins accruing.

**Electronic Credit Authorization.** You authorize us or our service providers to use commercially reasonable efforts to initiate one or multiple credit entries by depositing (i) the Required Deposit (if any) into your Credit Reserve Account, and (ii) the remaining proceeds of your Loan, into the bank account specified by you. We are not responsible for unavoidable delays that may occur as a result of bank holidays, the processing schedule of your individual bank, inadvertent processing errors, "acts of God", or "acts of terror," which may extend the time for the deposit. In the event that we make an error in initiating these electronic credits, you authorize us to initiate electronic credits or debits (as applicable) to correct the error.

**3. Promise to Pay.** By entering into this Agreement, you promise to pay us the above-stated Principal amount plus the interest that accrues on the Principal at the Interest Rate stated above until the Loan is paid in full. You also agree to pay any other fees and charges incurred under this Agreement or under applicable law.

**4. Interest and Finance Charge.** This is a "simple interest" loan. Interest, at the Interest Rate stated above, is calculated on the outstanding Principal (including the Required Deposit) as it exists from time to time, beginning on your Projected Funding Date until payment in full. Your actual interest charges may be more than the disclosed Finance Charge if you make your payments late or may be less if you make your payments early. Any adjustment due to late or early payments will be made to the final payment, which means that your final payment may be higher or lower than the scheduled amount depending on your actual payment history.

**5. Required Security Interest and Restrictions on Credit Reserve Account**.

a. **Security Interest**. To secure the prompt payment of your Loan and the performance of your other obligations under this Agreement, you hereby grant us a security interest in your Credit Reserve Account.

b. **Creation of Credit Reserve Account**. You hereby authorize Lender, ML Wealth, and DriveWealth to create the Credit Reserve Account, which will be held in your name and custodied at DriveWealth and which will invest the Required Deposit into non-marginable securities, including but not necessarily limited to DriveWealth's FDIC bank sweep and money market sweep products, with any interest accruing in your name and to your benefit. You also acknowledge, understand, and agree that you will not be able to request from ML Wealth or DriveWealth any modification or particular allocation of the securities into which your Required Deposit is invested..

c. **Securities Accounts Pledge and Security Agreement Provisions. In consideration of the issuance of the Loan and Lender's entry into this Agreement, if you fail to make your required payments on your Loan or otherwise fail to comply with the terms of this Agreement, you could lose all funds in the Credit Reserve Account**. To partially secure your obligations arising under this Loan and Agreement, you assign, transfer, pledge, grant a security interest in, and set over to the Lender all rights, title and interest in the Credit Reserve Account and in all renewals, additions and proceeds of the Credit Reserve Account. You agree that this security interest, pledge, and assignment includes and gives the Lender (or its designee) the right to redeem, collect and withdraw any part or the full amount of the Credit Reserve Account upon any Default (as defined herein in the "Delinquency and Default" section) under this Agreement or in the event your Credit Reserve Account is terminated for any reason. You acknowledge and agree that this security interest, pledge, and assignment means that the Lender has the ability to control the Credit Reserve Account and liquidate the assets in that account if you Default. **You further acknowledge and agree that you will not have the right to designate which securities or other assets are sold in the event of such liquidation(s)**. You agree that we need not retain or possess any certificate or evidence of the Credit Reserve Account to enforce our security interest. You may not make any withdrawals from the Credit Reserve Account while they secure your Loan and any outstanding balance under your Loan remains. This security interest, pledge, and assignment is given as security for any and all amounts you may owe under this Loan and Agreement. You agree that if the Credit Reserve Account is closed for any reason, the Lender may apply funds in the Credit Reserve Account to pay off any balance on the Loan or other amounts owed under this Agreement. If there are still funds remaining in the Credit Reserve Account after doing so, we will promptly remit these funds to you.

d. **Perfection of Lien, Security Interest and Liquidation of Credit Reserve Account**. You authorize Lender to sign and file financing statements, security agreements or other agreements with respect to your Credit Reserve Account at any time without your signature. You will, however, at any time on request of Lender, sign any of such instruments. You agree to pay all filing fees and to reimburse Lender for all costs and expenses of any kind incurred in any way in connection with the Credit Reserve Account. You will also be required to agree to, and enter into, a Securities Account Control Agreement with (i) the Lender or one of its affiliates, and (ii) the qualified custodian of funds and securities or other assets in your Credit Reserve Account, DriveWealth. **Upon Default, Lender or its affiliates may direct DriveWealth or ML Wealth to sell, with or without giving additional notice to you other**

**than the notice of default or such other notice as required by applicable law, electronically or by mail, all or any part of the Credit Reserve Account and have cash or securities proceeds deposited or transferred over to Lender for payment on or setoff against your Loan balance. See the "Delinquency and Default" section below for more on your rights and responsibilities regarding default.** Any such sale may be made in the manner hereinafter provided, without new or additional demand for payment on account or any other demands whatsoever; the making of any such demands, oral or written, in any one or more instances shall not establish a course of conduct nor constitute a waiver of the right of Lender or its affiliates to sell said Credit Reserve Account assets as herein provided or of the right of Lender to accelerate the maturity of the Loan as herein provided.

e. **Credit Reserve Account Prohibitions**. You agree to maintain your Credit Reserve Account in good standing and free from suspension until all sums due under this Agreement are paid in full. You agree that at the date of your request for a loan and the date of this Agreement, there are no liens against your Credit Reserve Account and that you own it. You may not sell, lien, pledge, hypothecate, transfer or otherwise assign any interest, in whole or part, in the Credit Reserve Account during any time that a balance, fee or payment remains unpaid or outstanding under the Loan and this Agreement. Any such transfer, sale or assignment is void. **YOU UNDERSTAND AND ACKNOWLEDGE THAT YOU WILL NOT BE PERMITTED TO WITHDRAW ANY AMOUNTS FROM YOUR CREDIT RESERVE ACCOUNT UNTIL YOU HAVE PAID OFF YOUR LOAN IN FULL PURSUANT TO THIS AGREEMENT (ALTHOUGH YOU CAN USE THE FUNDS IN YOUR CREDIT RESERVE ACCOUNT TO PAY OFF YOUR LOAN IF THE BALANCE IN YOUR CREDIT RESERVE ACCOUNT EXCEEDS THE OUTSTANDING BALANCE ON YOUR LOAN).**

**6. Payment.** At your election, you may make your installment payments by 1) personal check, nationally accepted money order or bank official check; 2) authorizing us to charge your Visa or Mastercard debit card ("Bank Card"); and/or (3) initiate electronic fund transfers from authorized account(s). Payments by personal check, money order or bank check must be made at the following address: MoneyLion; Attn Payments, PO BOX 18248, Palatine, IL 60055-8248. Payments will be credited to any obligations owed in any manner in our discretion.

You may also pre-authorized automatic payments to be made on or shortly after each scheduled installment payment date ("Due Date") from either your Bank Card or your authorized bank account(s) via electronic fund transfer, as provided in any Payment Authorization you execute. If you do so, you will have the right to withdraw your authorization at any time up to three (3) business days (business days are Mondays through Fridays, excluding bank holidays) before your Due Date, in order to give us a reasonable opportunity to act upon your request.

If you make all installment payments in full on their Due Dates, your final payment will be made on your last Due Date identified in your payment schedule.

**7. Prepayment; Extra/Larger Payments.** You have the right to prepay this Loan in full (without penalty) by paying all outstanding Principal plus accrued interest and fees through the date of prepayment, including by using the funds in your Credit Reserve Account to do so, provided that the balance in your Credit Reserve Account exceeds the outstanding balance on your Loan. You may also prepay the Loan in part without penalty. If you make a payment early, less interest will likely be owed. To prepay the Loan, call us at 1-888-704-6970 with your Loan number and

payment information. If the payment is unsuccessful or returned, your Loan will not be prepaid and you will be liable for your remaining payments on their Due Dates. Unless you and we agree otherwise, you cannot generally rely on an excess payment made on or before one payment Due Date to satisfy the payment obligation associated with the next payment Due Date. For example, if you must make a total of 12 payments under this Agreement and, when your second payment is due, you make a double payment, you will still owe a regular payment on your third payment Due Date (but that extra payment will likely reduce the amount of finance charges you pay and may reduce or eliminate your 12th scheduled payment).

**8. Delinquency and Default**. Subject to applicable law (including any applicable laws or regulations in your State), you will be in breach and we may declare you in default under this Agreement (each of these, a "Default") upon: (1) your failure to make any scheduled payment in full and on time; (2) your violation of any other provision of this Agreement that significantly impairs the prospect of payment; (3) your death; (4) your becoming the subject of bankruptcy or insolvency proceedings; (5) your becoming the object of attachment, foreclosure, repossession, lien, judgment, or garnishment proceedings; (6) your failure to supply us with any information we reasonably deem necessary that significantly impairs the prospect of payment; (7) our discovery that you have supplied us with misleading, false, incomplete or incorrect information that significantly impairs the prospect of payment; (8) our receipt of information, including information about a loss of employment, that reasonably leads us to believe that you will be unable to make all scheduled payments under this Agreement; (9) your moving out of the U.S; or (10) failing to keep in good standing, closing or attempting to close or liquidate your Credit Reserve Account. **See the State Disclosures section below for any changes to Delinquency and Default in your State.**

If you do not remedy or cure any breach and we send you either an email, text or letter notifying you that we have declared you to be in default, subject to applicable law (including any notice, cure, and/or redemption rights provided by applicable law), we may: (1) declare immediately due and payable all amounts due under this Agreement and any other amounts lawfully due hereunder; (2) initiate a collection action against you; (3) liquidate or seize all the property and funds in your Credit Reserve Account; (4) seek reasonable attorney's fees, court costs and costs of collection, incurred by us, including that of a collection agency; or (5) exercise any other rights provided by this Agreement or applicable law. **See the State Disclosures section below for any changes to Remedies in Event of Default in your State.**

**9. Financial and Personal Information.** You represent that any information you have provided to us is true and correct to the best of your knowledge, including any statements made in your Loan Application, and statements regarding your identity, your financial situation, and any other information we may reasonably request as permitted by applicable laws. You further represent that all documents and copies of documents you provide to us are unaltered, true and correct. You also represent that you are of legal age in your state of residence (at least 18 years of age or 19 if you are in Alabama). YOU EXPRESSLY AUTHORIZE US OR OUR AGENTS TO ATTEMPT TO CONFIRM ANY STATEMENT MADE IN YOUR APPLICATION WITH OTHER THIRD PARTIES**.**

You must notify us of any changes to your name, mailing address, e-mail address or primary telephone number within fifteen (15) days by writing to us at the Notice Address. We will rely on your mail and email addresses as they appear on our records for any and all communications we send you by mail or email unless and until either you or, in the case of your mailing address, the U.S. Postal Service, notifies us of a change of address and we have had a reasonable opportunity to act on such notice.

**10. Correspondence**. All notices to us must be sent to the Notice Address with such attention as may be specified in this Agreement. To the extent permitted under applicable law, any notice you

send us will not be effective until we receive and have had a reasonable opportunity to act on such notice. Any written or electronic correspondence we send to you will be effective and deemed delivered when sent in accordance with any authorization for electronic communications you execute or when mailed to you at your mail address, as it appears on our records.

**11. Credit Reporting; Identity Theft; Obtaining Credit Reports.** You authorize us or our service providers to make inquiries concerning your credit history and standing, including during your application for a Loan and throughout the term of your Loan. We may report information about your Loan to credit bureaus. **Late payments, missed payments or other defaults on your Loan may be reflected in your credit report.** If you believe that any information about your Loan that we have furnished to a consumer reporting agency is inaccurate, or if you believe that you have been the victim of identity theft in connection with any Loan made by us, write to us at the Notice Address, Attn: Fraud/Dispute. In your letter (i) provide your name and Loan number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, submit an identity theft affidavit or identity theft report.

**12. Communications**. You authorize us and our affiliates, agents, representatives, assigns, successors, and service providers (including attorneys and collection companies), or anyone calling or contacting on our behalf or our assigns' and successors' behalf (collectively, the "Messaging Parties") to contact you using automated telephone dialing systems, artificial or prerecorded voice message systems, text messaging systems, and automated e-mail systems in order to provide you with information about this Agreement, your Loan, account/Loan servicing communications, collection notices or with any other transactional messages. You authorize the Messaging Parties to make such contacts using the telephone number (including wireless, landline and VOIP numbers) or e-mail address associated with your Loan and that you have supplied to the Messaging Parties, and you acknowledge that such communications could also be sent via push notifications in the MoneyLion mobile application. Automated messages may be played by a machine automatically when the telephone is answered, whether answered by you or someone else. In the event that an agent or representative calls, he or she may leave a message on your answering machine, voice mail, or send one via text. You understand that anyone with access to your telephone or your e-mail account may listen to or read the messages the Messaging Parties leave or send you, and you agree that the Messaging Parties will have no liability for anyone accessing such messages. You further understand that you may incur charges from the company that provides you with telecommunications, wireless and/or Internet services, and you agree that the Messaging Parties will have no liability for such charges. You agree that this consent forms part of a bargained-for exchange. If you have the right to revoke text messages and calls to your cell phone or to revoke artificial or prerecorded voice message system calls, you may exercise this right only by calling the Messaging Parties at 1-888-704-6970; emailing customercare@moneylion.com or, to stop text messages, by replying "STOP" to any text message the Messaging Parties send you. To the extent permitted by applicable law, you may not revoke your consent to receiving servicing or collection notices or any other transactional communications about your Loan.

You expressly authorize the Messaging Parties to monitor and record your calls with the Messaging Parties. However, we are not under any obligation to monitor, record, retain, or reproduce such recordings, unless required by applicable laws.

**13. Bankruptcy**. You represent that you are not contemplating bankruptcy and that you have not consulted with an attorney regarding bankruptcy in the past six months. All bankruptcy notices and related correspondence to us must be sent to us at the Notice Address, Attn: Bankruptcy Notice.

**14. Partial Payments Marked Payment In Full**. Any check or other payment you provide us for less than the total outstanding balance on your Loan that is marked "payment in full" or with any similar language or that you otherwise tender as full satisfaction of a disputed amount must be sent to the Notice Address, Attn: Payment of Disputed Amount. We may deposit any such payment without losing our rights under this Agreement to pursue the full amount owed.

**15. Settlement**. Any settlement of your Loan balance for less than what is owed requires our written agreement.

**16. Inadvertent Excess Charges or Collection of Payments**. If a law which applies to this Agreement and which sets maximum charges is finally interpreted so that any fees or charges collected or to be collected in connection with this Agreement exceed the permitted limits, then: (i) any such charges or fees will automatically be reduced to the maximum permitted limit, retroactively effective as of the date of this Agreement, and as though this Agreement originally provided for the reduced charges or fees; and (ii) any sums already collected from you which exceeded permitted limits will be refunded to you. Also, if we inadvertently collect more payments than permitted by this Agreement or applicable law, we will refund to you any such excess payments. We may choose to make any refunds described in this section by reducing the amount you owe under this Agreement or by making a direct payment to you

**17. Statement of the Military Annual Percentage Rate**. Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: the costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

You may call toll-free 1-888-704-6970 to receive oral disclosures of the Military APR and your payment schedule and obligations.

As described above, the Arbitration Provision provided in Section 1 of this Agreement will not apply to Covered Borrowers, as defined by the Military Lending Act.

**18. Transfers and Assignments.** We may assign or transfer this Agreement or any of our rights or obligations hereunder to another entity. You may not assign or transfer your obligations under this Agreement without our prior written consent.

**19. Governing Law.** This Agreement (but not the Arbitration Provision) shall be governed by the substantive laws of your State.

**20. Electronic Transactions.** THIS AGREEMENT IS FULLY SUBJECT TO BORROWER'S CONSENT TO ELECTRONIC TRANSACTIONS AND DISCLOSURES, WHICH CONSENT IS SET FORTH IN THE MONEYLION TERMS OF SERVICE FOR THE MONEYLION.COM WEBSITE, MONEYLION MOBILE APPLICATION AND INCORPORATED BY REFERENCE AS IF FULLY SET FORTH HEREIN. BORROWER EXPRESSLY AGREES THAT THIS AGREEMENT IS A "TRANSFERABLE RECORD" FOR ALL PURPOSES UNDER THE ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT AND THE UNIFORM ELECTRONIC TRANSACTIONS ACT.

**21. Severability.** Except as set forth in the Arbitration Provision, if any provision of this Agreement is held to be invalid or unenforceable under any law, rule or regulation, it shall not affect the validity or enforceability of any other provision of this Agreement.

**22. Entire Agreement.** This Agreement constitutes the sole agreement between you and us with respect to the subject matter of this Agreement.

**STATE DISCLOSURES.** See your State Disclosures.

**NOTICE TO ARIZONA RESIDENTS**: You may request that the initial disclosures prescribed in the Truth in Lending Act (15 U.S. Code sections 1601 through 1666j) be provided in Spanish before signing any loan documents.

***AVISO A LOS RESIDENTES DE ARIZONA***: *Puede solicitar que las divulgaciones iniciales prescritas en la ley Truth in Lending Act, 15 Código de los Estados Unidos secciones 1601 hasta 1666j, sean proporcionadas en español antes de firmar cualquier documento de préstamo.*

**NOTICE TO CALIFORNIA RESIDENTS:** By executing this Agreement, you specifically agree that we may access the records of the California Department of Motor Vehicles from time to time to obtain your current mailing address, and by so agreeing, you are specifically waiving your rights under sections 1808.21 and 1808.22 of the California Vehicle Code.

A married applicant may apply for a separate account. If Lender takes any adverse action as defined by § 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, Borrower has the right to obtain within 60 days a free copy of Borrower's consumer credit report from the consumer reporting agency who furnished the consumer credit report and from any other consumer credit reporting agency that complies and maintains files on consumers on a nationwide basis, and the right under Section 1785.16 of the Civil Code to dispute the accuracy or completeness of the information in such report.

**NOTICE TO CALIFORNIA AND UTAH RESIDENTS:** As required by California and Utah law, Borrower is hereby notified that a negative credit report reflecting on Borrower's credit record may be submitted to a credit reporting agency if Borrower fails to fulfill the terms of Borrower's credit obligations.

**NOTICE TO IDAHO RESIDENTS**: The provisions of this Agreement regarding the payment of attorneys' fees and collection agency costs do not apply to Idaho residents.

**NOTICE TO KANSAS RESIDENTS:** NOTICE TO CONSUMER: 1. Do not sign this Agreement before you read it. 2. You are entitled to a copy of this Agreement. 3. You may prepay the unpaid balance at any time without penalty.

**NOTICE TO MAINE RESIDENTS:** The provisions of this Agreement regarding the payment of collection agency costs and court costs do not apply to Maine residents.

**NOTICE TO MARYLAND RESIDENTS:** Lender elects to make this Agreement pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with Lender's authority under federal law (12 U.S.C. § 85, § 1463(g), or § 1831d, as appropriate) and related regulations and interpretations, which authority Lender expressly reserves.

**NOTICE TO MASSACHUSETTS RESIDENTS:** Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

**NOTICE TO MINNESOTA RESIDENTS:** Minnesota law does not permit any term of writing that provides for the payment by the debtor of attorneys' fees except for lawful fees to be paid to an attorney in connection with the foreclosure of a real estate mortgage.

**NOTICE TO MISSOURI RESIDENTS:** ORAL LOAN AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF

SUCH DEBT, INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT, ARE NOT ENFORCEABLE. TO PROTECT BORROWER(S) AND THE LENDER AND ANY HOLDER OF THIS AGREEMENT FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

**NOTICE TO NEW HAMPSHIRE RESIDENTS:** If we refer this Agreement to an attorney for collection, you agree to pay our reasonable attorneys' fees. However, if you prevail in a) any action, suit, or proceeding we bring, or b) an action brought by you in connection with this Agreement, or if you successfully assert a partial defense or setoff, recoupment, or counterclaim to an action brought by us, the court may withhold from us the entire amount or such portion of the attorneys' fees as the court considers equitable.

**NOTICE TO NEW JERSEY RESIDENTS:** The section headings of the Agreement are a table of contents and not contract terms. Portions of this Agreement with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Agreement, actions or practices (i) by which Lender is or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may be or will be taken by Lender unless prohibited by "applicable law" are permitted by New Jersey law.

**NOTICE TO NEW MEXICO RESIDENTS:** We will only re-present an ACH one time after it is returned unpaid.

**NOTICE TO NEW YORK AND RHODE ISLAND RESIDENTS:** Borrower understands and agrees that Lender may obtain a consumer credit report in connection with this application and in connection with any update, renewals for extension of any credit as a result of this application. If Borrower asks, Borrower will be informed whether or not such a report was obtained, and if so, the name and address of the agency that furnished the report. Borrower also understands and agrees that Lender may obtain a consumer credit report in connection with the review or collection of any loan made to Borrower as a result of this application or for other legitimate purposes related to such loans.

**NOTICE TO OHIO RESIDENTS:** The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with the law.

**NOTICE TO TEXAS RESIDENTS:** You give up (waive) your common law rights to receive notice of intent to accelerate and notice of acceleration. This means that you give up the right to receive notice that we intend to demand that you pay all that you owe on this contract at once (accelerate) and notice that we have accelerated. This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

**NOTICE TO WASHINGTON RESIDENTS:** Oral agreements or oral commitments to loan money, extend credit, or to forbear from enforcing repayment of a debt are not enforceable under Washington law.

**NOTICE TO WEST VIRGINIA RESIDENTS:** Any provision in this Agreement authorizing the holder of this Agreement to collect attorneys' fees in the event of a default are void if the party being sued for collection is a resident of the State of West Virginia.

**NOTICE TO WISCONSIN RESIDENTS:** (1) If you are married and are extended individual credit, Wis. Stat. 766.56(3)(b) requires us to notify your spouse of the extension of credit. (2) Additionally, no provision of a marital property agreement, a unilateral agreement under Wis. Stat. 766.59, or a court decree under Wis.Stat. 766.70 adversely affects our interests unless prior to the time the credit is extended, we are furnished with a copy of the Agreement or statement, or have actual

knowledge of the adverse provision when the obligation is incurred. We will presume you are a single person unless you advise us the contrary and provide us with your spouse's name and address.

**Delinquency and Default.** In Wisconsin, you will be in default under this Agreement upon any of the following events: (1) you fail to pay an amount exceeding one full payment, which has remained unpaid for more than 10 days after its due date; (2) you fail to pay the first payment or the last payment within 40 days of its due date; or (3) you fail to keep your promises under this Agreement, if your failure materially impairs the condition, value, or protection of our right in any collateral securing the transaction or materially impairs your ability to pay amounts due under the transaction.

**Remedies in Event of Default.** In Wisconsin, upon the occurrence of any event of default, and subject to notice and right to cure, if required by statute, we may do any one or more of the following: (a) declare the whole outstanding unpaid balance under this Agreement due and payable at once and proceed to collect it; (b) initiate a collection action against you; (c) liquidate or seize all the property and funds in your Securities Accounts in accordance with applicable law; (d) exercise all other rights, powers and remedies given by law; and (e) recover from you all charges, costs, and expenses allowable by law, including statutory attorney's fees. In the event of default, interest shall continue to accrue until the Principal, together with all accrued and unpaid finance charges and costs, is fully repaid.

**NOTICE TO CUSTOMERS**

(a) DO NOT SIGN THIS BEFORE YOU READ THE ENTIRE AGREEMENT, EVEN IF OTHERWISE ADVISED

(b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES.

(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.

(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

**BY CLICKING "I AGREE" BELOW, YOU ACKNOWLEDGE THAT YOU HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY THE TERMS OF THIS AGREEMENT AND THAT YOU HAVE PRINTED OR SAVED A COPY OF THIS AGREEMENT, ALL EFFECTIVE AS OF THE AGREEMENT DATE ABOVE.**

**By: /s/ Jason Jones**

Name on Application: Jason Jones

Jason Jones

Date of Agreement: 2025-01-09