**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION—RIVERSIDE**

Elena Bisquera, et al.,

Plaintiffs,

v.

MoneyLion Technologies Inc., et al.,

Defendants.

Case No. 5:26-cv-03296-SSS-E

**(PROPOSED) ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AS TO PLAINTIFFS ELENA BISQUERA AND JASON JONES (Doc. 13)**

Date: October 23, 2026
Time: 2:00 p.m.
Courtroom: 2 (via Zoom)
Judge: Hon. Sunshine S. Sykes

On October 23, 2026, a hearing was held before the undersigned on the Motion filed by Defendants MoneyLion Technologies Inc., ML Plus LLC, and MoneyLion of California LLC (collectively "MoneyLion") for an order compelling Elena Bisquera and Jason Jones (collectively, "Plaintiffs") to arbitrate their claims on an individual basis and to enforce the parties' class action waiver.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), mandates that a binding arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The United States Supreme Court has consistently confirmed that agreements to arbitrate are fully enforceable as written. *See Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 183-84 (2019); *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 509 (2018); *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 232–34 (2013); *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 532 (2012); *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 97–98 (2012); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336, 343 (2011). Similarly, the Supreme Court has consistently confirmed that class action waivers are binding and enforceable. *See Epic Sys. Corp.*, 584 U.S. at 502 ("Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings.").

Here, the relevant Agreement for Resolving Disputes ("Arbitration Agreement") between Plaintiffs and MoneyLion broadly encompasses any "Claim" "relat[ing] in any way to [Plaintiffs'] use of or access to the MoneyLion Platform or to any product or service offered by or through the MoneyLion Platform." The Arbitration Agreement also includes a class action waiver in which Plaintiffs waived their right to bring any litigation against MoneyLion on a class-wide basis.

The Court, having considered MoneyLion's Motion and finding good cause, hereby GRANTS the Motion and ORDERS as follows:

1. Plaintiffs' purported class claims are DISMISSED with prejudice.
2. Plaintiffs, if they wish to continue pursuing their claims against MoneyLion, must arbitrate the claims on an individual basis with National Arbitration and Mediation pursuant to the terms of the binding Arbitration Agreement.
3. Plaintiffs' individual claims against MoneyLion are STAYED pending completion of arbitration.
4. Plaintiffs are hereby directed to provide this Court with a status update every 90 days during the duration of the stay while the arbitration is pending; or, if they elect not to pursue arbitration, they shall advise the Court within the next 90 days that they wish to voluntarily dismiss this matter.

IT IS SO ORDERED.

Dated:

____________________________

SUNSHINE S. SYKES
United States District Judge