# EXHIBIT B

## AGREEMENTS FOR RESOLVING DISPUTES

This Agreements for Resolving Disputes (“Agreement”) sets forth how we and you will resolve disputes concerning “Claims” that we cannot resolve informally and covers all the services and programs that our “related parties” provide for you. The Pre-Dispute Resolution Procedure, Arbitration Provision and Jury Trial Waiver set forth below govern "Claims" you assert against us or any "related party" of ours and "Claims" we or any related party assert against you.

For purposes of this Agreement, “we” or “our” is the company that is providing you the service or loan. Our "related parties" include all parent companies, subsidiaries, sister subsidiaries and affiliates of ours (including any service provider and collection agency we utilize to collect sums owed us), and our and their employees, directors, officers, shareholders, governors, managers and members. Our "related parties" also include third parties that you bring a Claim against at the same time you bring a Claim against us or any other related party.

The term "Claim" means any past, present or future claim, dispute or controversy between you and us (or our related parties), whether or not presently known, that arises from or relates in any way to this Agreement or any services, programs, loans, investments or other financial services you request or we provide to you or on your behalf ("Services"); any of our marketing, advertising, solicitations and conduct relating to your request for Services; our collection of any amounts you owe; or our disclosure of or failure to protect any information about you. "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature, including but not limited to, initial claims, counterclaims, cross-claims and third-party claims, and claims based on any constitution, statute, regulation, ordinance, common law rule (including rules relating to contracts, torts, negligence, fraud or other intentional wrongs) and equity. It includes disputes that seek relief of any type, including damages and/or injunctive, declaratory or other equitable relief.

Notwithstanding the foregoing, "Claim" does not include any individual action brought by you in small claims court or your state's equivalent court, unless such action is transferred, removed, or appealed to a different court. In addition, except as set forth in the immediately following sentence, "Claim does not include disputes about the validity, enforceability, coverage or scope of the Arbitration Provision or any part thereof (including, without limitation, Sections 5(C), (D) and/or (E) of the Arbitration Provision (the "Class Action and Multi-Party Claim Waiver"), the clause in the second sentence of Section 10 of the Arbitration Provision beginning with the words "provided, however," and/or this sentence); all such disputes are for a court and not an arbitrator to decide. However, any dispute or argument that concerns the validity or enforceability of the Agreement as a whole is for the arbitrator, not a court, to decide. "Claim" also does not include any "self-help remedy" (that is, any steps taken to enforce rights without a determination by a court or arbitrator, for example, repossession and/or re-titling of a motor vehicle) or any individual action by you or us to prevent the other party from using any self-help remedy, so long as such self-help remedy or individual judicial action does not involve a request for monetary relief of any kind.

"Proceeding" means any judicial or arbitration proceeding regarding any Claim. "Complaining Party" means the party who threatens or asserts a Claim in any Proceeding and "Defending Party" means the party who is a subject of any threatened or actual Claim. "Claim Notice" means written notice of a Claim from a Complaining Party to a Defending Party.

## PRE-DISPUTE RESOLUTION PROCEDURE

Before a Complaining Party asserts a Claim in any Proceeding (including as an individual litigant or as a member or representative of any class or proposed class), the Complaining Party shall give the Defending Party: (1) a Claim Notice providing at least 30 days' written notice of the Claim and explaining in reasonable detail the nature of the Claim and any supporting facts; and (2) a reasonable good faith opportunity to resolve the Claim on an individual basis without the necessity of a Proceeding. If you are the Complaining Party, you must send the Claim Notice to MoneyLion, Attn: Legal Department, PO Box 1547, Sandy, UT 84091-1547 (or such other address as we shall subsequently provide to you). If you are the Defending Party, we will send the Claim Notice to you at your address appearing in our records or, if you are represented by an attorney, to your attorney at his or her office address. **If the Complaining Party and the Defending Party do not reach an agreement to resolve the Claim within 30 days after the Claim Notice is received, the Complaining Party may commence a Proceeding, subject to the terms of the Arbitration Provision. Neither the Complaining Party nor the Defending Party shall disclose in any Proceeding the amount of any settlement demand made by the Complaining Party or any settlement offer made by the Defending Party until after the arbitrator or court determines the amount, if any, to which the Complaining Party is entitled (before the application of Section 7 of the Arbitration Provision). No settlement demand or settlement offer may be used in any Proceeding as evidence or as an admission of any liability or damages.**

## ARBITRATION PROVISION

**VERY IMPORTANT. READ THIS ARBITRATION PROVISION CAREFULLY. IT SETS FORTH WHEN AND HOW CLAIMS (AS DEFINED ABOVE UNDER THE CAPTION "AGREEMENTS FOR RESOLVING DISPUTES") WILL BE**

**ARBITRATED INSTEAD OF LITIGATED IN COURT. IF YOU DON'T REJECT THIS ARBITRATION PROVISION IN ACCORDANCE WITH SECTION 1 BELOW, UNLESS PROHIBITED BY APPLICABLE LAW, IT WILL HAVE A SUBSTANTIAL IMPACT ON THE WAY IN WHICH YOU OR WE RESOLVE ANY CLAIM NOW OR IN THE FUTURE.**

Unless prohibited by applicable law and unless you reject the Arbitration Provision in accordance with Section 1 below, you and we agree that either party may elect to require arbitration of any Claim under the following terms and conditions:

1. **RIGHT TO REJECT ARBITRATION.** If you do not want this Arbitration Provision to apply, you may reject it within 30 days after the date of this Agreement by delivering to us at MoneyLion, Attn: Legal Department, PO Box 1547, Sandy, UT 84091-1547, a written rejection notice which: (a) provides your name and address and the date of this Agreement; and (b) states that you are rejecting the Arbitration Provision in the Agreement. If you want proof of the date of such a notice, you should send the rejection notice by "certified mail, return receipt requested." If you use such a method, we will reimburse you for the postage upon your request. Nobody else can reject arbitration for you (except an attorney at law you have personally retained); this is the only way you can reject arbitration. Your rejection of arbitration will not affect your right to Services or the terms of an agreement for Services (other than this Arbitration Provision).
2. **ARBITRATION ELECTION.** A Proceeding may be commenced after the Complaining Party complies with the Pre-Dispute Resolution Procedure. The Complaining Party may commence the Proceeding either as a lawsuit or an arbitration by following the appropriate filing procedures for the court or the arbitration administrator selected by the Complaining Party in accordance with this Section 2. If a lawsuit is filed, the Defending Party may elect to demand arbitration under this Arbitration Provision of the Claim(s) asserted in the lawsuit. If the Complaining Party initially asserts a Claim in a lawsuit on an individual basis but then seeks to assert the Claim on a class, representative or multi-party basis, the Defending Party may then elect to demand arbitration. A demand to arbitrate a Claim may be given in papers or motions in a lawsuit. If you demand that we arbitrate a Claim initially brought against you in a lawsuit, your demand will constitute your consent to arbitrate the Claim with the administrator of our choice, even if the administrator we choose does not typically handle arbitration proceedings initiated against consumers. Any arbitration Proceeding shall be conducted pursuant to this Arbitration Provision and the applicable rules of the arbitration administrator in effect at the time the arbitration is commenced. The arbitration administrator will be the American Arbitration Association ("AAA"), 120 Broadway, 21st Floor, New York, NY 10271, www.adr.org.; JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.org; or any other company selected by mutual agreement of the parties. If both AAA and JAMS cannot or will not serve and the parties are unable to select an arbitration administrator by mutual consent, the administrator will be selected by a court. Notwithstanding any language in this Arbitration Provision to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any arbitration administrator that has in place a formal or informal policy that is inconsistent with the Class Action and Multi-Party Claim Waiver. The arbitrator will be selected under the administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge unless the parties agree otherwise.
3. **NON-WAIVER.** Even if all parties have elected to litigate a Claim in court, you or we may elect arbitration with respect to any Claim made by a new party or any new Claim asserted in that or any related or unrelated lawsuit (including a Claim initially asserted on an individual basis but modified to be asserted on a class, representative or multi-party basis), and nothing in that litigation shall constitute a waiver of any rights under this Arbitration Provision. This Arbitration Provision will apply to all Claims, even if the facts and circumstances giving rise to the Claims existed before the effective date of this Arbitration Provision.
4. **LOCATION AND COSTS.** The arbitrator may decide that an in-person hearing is unnecessary and that he or she can resolve the Claim based on the papers submitted by the parties and/or through a telephone hearing. However, any arbitration hearing that you attend will take place in a location that is reasonably convenient for you. We will consider any good faith request you make for us to pay the administrator's or arbitrator's filing,

administrative, hearing and/or other fees if you cannot obtain a waiver of such fees from the administrator and we will not seek or accept reimbursement of any such fees we agree to pay. We will also pay any fees or expenses we are required by law to pay or that we must pay in order for this Arbitration Provision to be enforced. We will pay the reasonable fees and costs you incur for your attorneys, experts and witnesses if you are the prevailing party in an arbitration Proceeding or if we are required to pay such amounts by applicable law or by the administrator's rules. The arbitrator shall not limit the attorneys' fees and costs to which you are entitled because your Claim is for a small amount. Notwithstanding any language in this Arbitration Provision to the contrary, if the arbitrator finds that any Claim or defense is frivolous or asserted for an improper purpose (as measured by the standards set forth in Federal Rule of Civil Procedure 11(b)), then the arbitrator may award attorneys' and other fees related to such Claim or defense to the injured party so long as such power does not impair the enforceability of this Arbitration Provision.

5. **NO CLASS ACTIONS OR SIMILAR PROCEEDINGS; SPECIAL FEATURES OF ARBITRATION.** IF YOU OR WE ELECT TO ARBITRATE A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO: (A) HAVE A COURT OR A JURY DECIDE THE CLAIM; (B) OBTAIN INFORMATION PRIOR TO THE HEARING TO THE SAME EXTENT THAT YOU OR WE COULD IN COURT; (C) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR CLASS OPPONENT; (D) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (E) JOIN OR CONSOLIDATE CLAIM(S) INVOLVING YOU WITH CLAIMS INVOLVING ANY OTHER PERSON. (SPECIAL PROCEDURES APPLY TO PUBLIC INJUNCTIVE RELIEF CLAIMS AS SET FORTH IN SECTION 10(b) OF THIS ARBITRATION PROVISION). THE RIGHT TO APPEAL IS MORE LIMITED IN ARBITRATION THAN IN COURT. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.
6. **GETTING INFORMATION.** In addition to the parties' rights under the administrator's rules to obtain information prior to the hearing, either party may ask the arbitrator for more information from the other party. The arbitrator will decide the issue in his or her sole discretion, after allowing the other party the opportunity to object.
7. **SPECIAL PAYMENT. If (a) you submit a Claim Notice in an arbitration Proceeding on your own behalf (and not on behalf of any other party) and comply with all of the requirements (including timing and confidentiality requirements) of the Pre-Dispute Resolution Procedure; (b) we refuse to provide you with the money damages you request; and (c) the arbitrator issues you an award that is greater than the latest money damages you requested at least ten days before the date the arbitrator was selected, then we will pay you the amount of the award or $10,000 ("the alternative payment"), whichever is greater, in addition to the attorneys' fees and expenses (including expert witness fees and costs) to which you are otherwise entitled. We encourage you to address all Claims you have in a single Claim Notice and/or a single arbitration. Accordingly, this $10,000 award is a single award that applies to all Claims you have asserted or could have asserted in the arbitration, and multiple awards of $10,000 are not contemplated by this Section 7.**
8. **EFFECT OF ARBITRATION AWARD.** Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §1, et seq. (the "FAA"); and (2) Claims involving more than $50,000 (including Claims that may reasonably require injunctive relief costing more than $50,000). For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the administrator, which will reconsider anew any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Costs in connection with any such appeal will be borne in accordance with Section 4 of this Arbitration Provision. No arbitration award involving the parties will have any preclusive effect as to issues or claims in any dispute involving anyone who is not a party to the arbitration, nor will an arbitration award in prior disputes involving other parties have preclusive effect in an arbitration between the parties to this Arbitration Provision.
9. **GOVERNING LAW.** This Arbitration Provision is made pursuant to a transaction involving interstate commerce

and shall be governed by the FAA, and not Federal or state rules of civil procedure or evidence or any state laws that pertain specifically to arbitration. To the extent that state law bears on the enforceability of this Arbitration Provision, Utah law shall govern. The arbitrator is bound by the terms of this Arbitration Provision. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies available in an individual lawsuit under applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (which shall be governed by the constitutional standards applicable in judicial proceedings), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. The arbitrator shall issue a reasoned written decision sufficient to explain the essential findings and conclusions on which the award is based.

10. **SURVIVAL, SEVERABILITY, PRIMACY. This Arbitration Provision shall survive the full payment of any amounts due under this Agreement; any rescission or cancellation of this Agreement; any exercise of a self-help remedy; our sale or transfer of this Agreement or our rights under this Agreement; any legal proceeding by us to collect a debt owed by you; and your (or our) bankruptcy. If any part of this Arbitration Provision cannot be enforced, the rest of this Arbitration Provision will continue to apply; provided, however, that (a) if Section 5(C), (D) and/or (E) is declared invalid in a proceeding between you and us with respect to a claim other than public injunctive relief, without in any way impairing the right to appeal such decision, this entire Arbitration Provision (other than this sentence) shall be null and void in such proceeding, and (b) if a claim is brought seeking public injunctive relief and a court determines that this Arbitration Provision is unenforceable with respect to such claim and all appeals from that ruling have been exhausted, the public injunctive relief claim will be determined in court and any individual claims seeking monetary relief will be arbitrated, in which case the parties will ask the court to stay the public injunctive relief claim until the arbitration award pertaining to individual relief has been entered in court. In the event of any conflict or inconsistency between this Arbitration Provision and the administrator's rules or the rest of this Agreement, this Arbitration Provision will govern.**

**JURY TRIAL WAIVER**

**YOU AND WE ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT, BUT THAT IT MAY BE WAIVED UNDER CERTAIN CIRCUMSTANCES. TO THE EXTENT PERMITTED BY LAW, YOU AND WE, AFTER HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, KNOWINGLY AND VOLUNTARILY, AND FOR THE MUTUAL BENEFIT OF ALL PARTIES, WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS AGREEMENT. THIS JURY TRIAL WAIVER SHALL NOT AFFECT OR BE INTERPRETED AS MODIFYING IN ANY FASHION ANY SEPARATE ARBITRATION PROVISION BETWEEN YOU AND US, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.**

Name on Application: christopher valencia

christopher valencia

Date of Agreement: 2021-02-19