**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION—RIVERSIDE**

Elena Bisquera, et al.,

Plaintiffs,

v.

MoneyLion Technologies Inc., et al.,

Defendants.

Case No. 5:26-cv-03296-SSS-E

**(PROPOSED) ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AS TO PLAINTIFF CHRISTOPHER VALENCIA**
**(Doc. 14)**

Date: October 23, 2026
Time: 2:00 p.m.
Courtroom: 2 (via Zoom)
Judge: Hon. Sunshine S. Sykes

On October 23, 2026, a hearing was held before the undersigned on the Motion filed by Defendants MoneyLion Technologies Inc., ML Plus LLC, and MoneyLion of California LLC (collectively "MoneyLion") for an order compelling Plaintiff Christopher Valencia to arbitrate his claims on an individual basis and to enforce the parties' class action waiver.

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), mandates that a binding arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The United States Supreme Court has consistently confirmed that agreements to arbitrate are fully enforceable as written. *See Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 183-84 (2019); *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 509 (2018); *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 232–34 (2013); *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 532 (2012); *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 97–98 (2012); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336, 343 (2011). Similarly, the Supreme Court has consistently confirmed that class action waivers are binding and enforceable. *See Epic Sys. Corp.*, 584 U.S. at 502 ("Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings.").

Here, the relevant Agreement for Resolving Disputes ("Arbitration Agreement") between Valencia and MoneyLion broadly encompasses any "Claim," which is defined to mean "any past, present, or future claim, dispute or controversy between you [Plaintiff] and us [MoneyLion], whether or not presently known, that arises from or relates in any way to this Agreement or any services, programs, loans, investments or other financial services you request or we provide to you or on your behalf." The Arbitration Agreement also includes a class action waiver in which

Valencia waived his right to bring any litigation against MoneyLion on a class-wide basis.

Further, the Arbitration Agreement permits customers to opt out within 30 days of entering into the Arbitration Agreement. MoneyLion presented uncontested evidence that Valencia did not opt out.

The Court, having considered MoneyLion's Motion and finding good cause, hereby GRANTS the Motion and ORDERS as follows:

1. Valencia's purported class claims are DISMISSED with prejudice.
2. Valencia, if he wishes to continue pursuing his claims against MoneyLion, must arbitrate the claims on an individual basis with the American Arbitration Association, JAMS, or any other company by mutual agreement of the parties pursuant to the terms of the binding Arbitration Agreement.
3. Valencia's individual claims against MoneyLion are STAYED pending completion of arbitration.
4. Valencia is hereby directed to provide this Court with a status update every 90 days during the duration of the stay while the arbitration is pending; or, if he elects not to pursue arbitration, he shall advise the Court within the next 90 days that he wishes to voluntarily dismiss this matter.

IT IS SO ORDERED.

Dated:

______________________________

SUNSHINE S. SYKES
United States District Judge