PAK HEINZ PLLC
Noah Heinz (Bar No. 368281)
Noah.Heinz@pakheinz.com
Albert Pak (Bar No. 361123)
Albert.Pak@pakheinz.com
20 F St. NW, 7th Floor
Washington, D.C. 20001
Telephone: (202) 505-6354

*Attorneys for Plaintiffs and all those similarly situated*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION–RIVERSIDE**

| | |
|---|---|
| Elena Bisquera, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>MoneyLion Technologies, Inc., et al.,<br><br>Defendants. | Case No. 5:26-cv-03296-SSS-E<br><br>**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AS TO PLAINTIFFS ELENA BISQUERA AND JASON JONES**<br><br>Hearing date: October 23, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Sunshine S. Sykes<br>Courtroom: 2 (via Zoom) |

## INTRODUCTION

MoneyLion's reply struggles mightily against the application of California law, invoking New York law at every turn, but it simply cannot apply here. California law controls enforceability, and strongly protects consumers from waiving their rights indirectly by using a choice of law clause. And because there is no delegation clause—rather, the contract *expressly* requires arbitrability to be decided in court—it is this Court that should decide *de novo* each question of unconscionability.

On unconscionability itself, MoneyLion hardly disputes that its mass filing protocol is unlawful, and does not even cite, much less distinguish, the cases Plaintiffs relied upon like *MacClelland v. Cellco P'ship*, 609 F. Supp. 3d 1024 (N.D. Cal. 2022), *Pandolfi v. AviaGames, Inc.*, 2024 WL 4051754 (N.D. Cal. Sep. 4, 2024), *aff'd*, 2025 WL 2463742 (9th Cir. Aug. 27, 2025), and others. It relies on softening the very agreement it is trying to enforce, emphasizing a bilateral fee-shifting provision, but omitting the end of the same sentence that applies only to claimants. The overall effect is unmistakable: multiple unconscionable provisions stacked one on top of the other, working to undermine claimant's ability to vindicate their rights. On the key question of severability, MoneyLion cites no legal authorities whatsoever, and omits the section of its own contract requiring claims like these to go to court if the mass filing protocol is unenforceable. The Court should deny the Motion entirely.

## ARGUMENT

As MoneyLion now concedes, California law applies to the question of whether a contract was formed. *See* Dkt. 19 at 2, n.1. MoneyLion's arguments on contract formation are otherwise addressed by the Response already.

### I. California Law Controls Enforceability.

MoneyLion's arguments for New York law are unpersuasive. First, section 1799.208 voids the New York choice-of-law clause. MoneyLion suggests that section 1799.208 applies only to the underlying claims, not to contract defenses for an arbitration clause but cites no legal authority for that argument. Whether the arbitration

clause is enforceable is itself a question of contract law, which is *substantive*. With respect to Plaintiff Jones, MoneyLion argues *both* that he "independently re-affirmed the Agreement when he executed his January 9, 2025 Pledge," Dkt. 19 at 15, but also that doing so "neither enters into, modifies, nor extends it," *id.* at 10, which is contradictory. Construing a similarly worded law about forum-selection clauses, California courts have had no trouble concluding that a clause is voidable "if it is contained in a contract that is modified on or after [the effective date], irrespective of whether the modification was to the forum-selection clause or another provision." *Midwest Motor Supply Co. v. Superior Ct.*, 56 Cal. App. 5th 702, 709 (2020). The same is true here. Whether the choice of law clause is voidable is a question for the Court, not "the arbitrator," Dkt. 19 at 10, because all issues regarding enforceability of the arbitration clause are for the Court, *see* Dkt. 13-4 at 7.

Second, MoneyLion now appears to concede that California law governs all issues on the merits, *see* Dkt. 19 at 11, but that would only make applying New York law to *only* the arbitration issues strange indeed. In any event, California unconscionability protections are no more waivable than its lending laws or the CLRA, and so MoneyLion cannot impose unconscionable arbitration provisions by means of a choice of law clause if it could not impose them directly. Applying New York law would "eliminate[] [Plaintiffs'] ability to argue unconscionability using California public policy as a measuring stick for enforceability," and is therefore not enforceable. *Pinela v. Neiman Marcus Grp., Inc.*, 238 Cal. App. 4th 227, 257 (2015).

## II. The Arbitration Clause Is Not Enforceable.

On the key points, the Response stands unrefuted. The new points MoneyLion raised are erroneous.

### A. The Agreement Is Procedurally Unconscionable.

MoneyLion mischaracterizes *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975, 981 (2010); *see* Dkt. 19 at 12. There, *even though* the "agreement is not overly-long and is written in clear, unambiguous language," and the signer was "a highly educated

attorney" who was not "rushed or coerced," the court *still* concluded that "procedural unconscionability is present" to a low degree. *Dotson*, 181 Cal. App. 4th at 981. Plaintiffs here are not sophisticated attorneys, and they needed money quickly. Moreover, the agreement *is* overly long (13 small-print pages), and itself incorporates arbitral forum rules, adding in dozens more pages. *See* Dkt. 13-4.[1]

**B. The Agreement Is Substantively Unconscionable.**

The Agreement is substantively unconscionable for multiple independent reasons.

**1. The staged arbitration provisions delay adjudication and lack mutuality.**

MoneyLion's chief argument against the staged arbitration protocol is that it has not been triggered, but that is foreclosed by clear California law, which always looks from the perspective of the time of signing the contract, not the time of suit. Start with a statute: unconscionability is codified, empowering courts to not enforce a contract found "to have been unconscionable at the time it was made." Cal. Civ. Code § 1670.5(a). Next consider precedent: the California Supreme Court consistently assesses the "circumstances known at the time the agreement was made" and requires courts to "focus on general factors that can be examined without relying on subsequent developments." *Ramirez v. Charter Commc'ns, Inc.*, 16 Cal. 5th 478, 505–06 (2024).

MoneyLion quotes the Ninth Circuit's admonition not to invent "hypothetical issues," *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 541 (9th Cir. 2021), but that comment was not about unconscionability. Rather, *Hodges* addressed whether the *McGill* rule about public injunctive relief applied where the "complaint did not seek such relief." *Id.* at 538. Applying *Ramirez* to a similar staging protocol, Judge Lin

[1] MoneyLion quotes *Bielski v. Coinbase, Inc.* as saying that "take-it-or-leave-it consumer terms present at most a 'low' level of procedural unconscionability that 'fail[s] to tip the scales.' *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1014–15 (9th Cir. 2023)" Dkt. 19 at 14, but the full quotation is: "the *delegation provision's* low levels of procedural *and substantive unconscionability* fail to tip the scales to render the provision unconscionable." 87 F.4th 1003, 1015 (9th Cir. 2023) (emphasis added). There is no delegation provision here, and substantive unconscionability is high.

rejected reliance on *Hodges*: "To the extent that the Ninth Circuit's broad statement contravenes the rule articulated in *Ramirez*, it does not appear to be good law anymore, and in any event, was dicta that extended beyond the issue decided in *Hodges*." *O'Malley v. Williams-Sonoma, Inc.*, No. 3:26-cv-01276-RFL, 2026 WL 2640697 (N.D. Cal. Sept. 8, 2026). Courts routinely adjudicate challenges to a mass filing protocol without requiring it to be triggered (which is, in this case, entirely up to MoneyLion). In any event, *here* there is no question that more than 25 claimants would file, since the claims apply to every borrower in California, and this case is a putative class action.

MoneyLion has no response to the mountain of cases addressing mass claims protocols, which uniformly condemn sequential staged proceedings. *See* Dkt. 17 at 12-15.

**2. The fee-shifting provision is unconscionable.**

MoneyLion calls the fee provision "bilateral" but does so through selective quotation. The full text is below, with the section MoneyLion quoted in italics: "*if either you or MoneyLion commence an arbitration before fully satisfying the Informal Dispute Resolution Procedure* set forth in section 3 above, or if you commence an arbitration without the certification required under section 4(c) above, then the party who improperly filed the arbitration must pay the other party's arbitration-related fees and costs, including attorneys' fees." Dkt. 13-4 at 8. Notably, the first part says "either you or MoneyLion," but the second says "or if *you*" but not MoneyLion "commence an arbitration without the certification required under section 4(c)." Only the consumer must go through the rigmarole of the section 4(c) certification (which is itself unconscionable), and MoneyLion then leverages that in the fee-shifting provision.

In any event, the fee-shifting provision would be unenforceable even if it were bilateral, because the statutory backdrop is one-way fee shifting in Plaintiffs' favor, which the contract undermines, chilling the enforcement of consumer rights.

**C. The Unconscionable Provisions Should Not Be Severed.**

The Response explains why the provisions should not be severed, citing multiple

applicable legal authorities, because it is permeated with unconscionability. Citing no cases, MoneyLion simply argues that it would be *possible* to sever the various clauses. Even if that were true—it is not—that is not the applicable legal test. Defendants may not employ salami tactics to calibrate the precise level of unconscionability they can get away with. "Were that the law, employers would have every incentive to pack their arbitration agreements with unenforceable provisions designed to chill employees' pursuit of employment-related claims," then arbitrate as close to the line as they could get. *Capili v. Finish Line, Inc.*, 116 F. Supp. 3d 1000, 1009 (N.D. Cal. 2015). This is a case where even if "it is possible to sever those provisions, severance is still not warranted because "enforcing the balance of the contract would [not] be in the interests of justice." *Ramirez v. Charter Commc'ns, Inc.*, 108 Cal. App. 5th 1297, 1306 (2025) (quoting *Ramirez*, 16 Cal. 5th at 517).

Separately, MoneyLion's severability argument fails to note the section stating as follows:

> A court of competent jurisdiction shall have the authority to enforce these Mass Filing provisions and, if necessary, to enjoin the mass filing, prosecution, or administration of arbitrations, and the assessment of arbitration fees. If these additional procedures apply to your Claim, and *a court of competent jurisdiction determines that they are not enforceable as to your Claim*, then your Claim shall proceed in a court …. Dkt. 13-4 at 11 (emphasis added).[2]

This section appears to apply, since Plaintiffs are challenging the mass filing protocol. By the contract's own terms, then, these claims should proceed in court. It is true that the agreement has a separate, contradictory severability clause, but ambiguities are construed against the drafter.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

---

[2] Curiously, MoneyLion does quote this section in arguing that the mass filing protocol is fair. *See* Dkt. 19 at 24.

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned counsel, counsel of record for Plaintiffs, certifies that this brief contains 1679 words and spans 5 pages, which complies with the word limit set forth in Local Rule 11-6.1. An application for leave was filed concurrently with this sur-reply.

Dated: October 15, 2026

Respectfully submitted,

By: */s/ Noah Heinz*

Noah Heinz
Albert Pak
PAK HEINZ PLLC
20 F Street N.W., 7th Floor
Washington, D.C. 20001
Tel.: (202) 505-6354
Email: noah.heinz@pakheinz.com
Email: albert.pak@pakheinz.com
*Counsel for Plaintiffs*